Mr. Henry Richards 37 Church Circle Greenbrier, AR 72058
Dear Mr. Richards:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment:
 Popular Name "CLOTTERY" (CRUSADE TO LOWER OUR TAXES TOWARD EDUCATION REFORM YES) Ballot Title AMENDMENT FOR STATE LOTTERY ONLY
RESPONSE
Several procedural irregularities prevent me from certifying a popular name and ballot title for your proposed constitutional amendment at this time. I will point out the irregularities, and I will also set out the guidelines for determining the sufficiency of a popular name and ballot title, in anticipation of you resubmitting this measure.
Please note as an initial matter that while I am required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or state constitutional amendments before the petitions are circulated for signature, I do not have a rolein drafting or approving the text of such measures. My review is limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of a proposed amendment or act.
At the same time, however, I must be provided with the complete text of your proposed amendment before I can perform my statutory duty in certifying a popular name and ballot title. This is reflected in A.C.A. § 7-9-107 (a), wherein it states that "the sponsors shall submit the original draft to the Attorney General. . . ."
With regard to the material you have submitted, I am uncertain whether you have provided the actual text of the measure because there are several references to what "would" or "possibly" would occur or what "could be" done under the amendment. This suggests that you may not have finalized the language. The procedure under A.C.A. § 7-9-107, however, involves my review of the final language so that I can make the sufficiency determination with respect to the popular name and ballot title. I must therefore return your submission and instruct you to finalize the language of your proposed amendment, perhaps with the guidance of private counsel or experts of your choosing to ensure that there are no ambiguities or problems of implementation. Amending the Arkansas Constitution is a matter of the utmost seriousness, and the Arkansas Supreme Court holds popular names and ballot titles of proposed amendments to a standard that is commensurate with this seriousness. The standard cannot be met, however, if the text of the measure is unclear or uncertainties remain. That is why I suggest that you seek assistance in evaluating your text, bearing in mind that my ability to certify a popular name and ballot title depends upon the clarity of the language of the amendment.
With regard to the popular name and ballot title, the purpose of my review and certification is to ensure that these tools for presenting your proposed amendment to the voters in the voting booth honestly, intelligibly, and fairly set forth the purpose of the measure. SeeArkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall, 229 Ark. 411,316 S.W.2d 207 (1958). The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). It must be free from any misleading tendency, whether by amplification, omission, or fallacy, and it must not be tinged with partisan coloring. Id. A ballot title must also convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605
(1994).
I believe it is clear that the popular name and ballot title that you have submitted do not meet these guidelines. The acronym "CLOTTERY" for the popular name is problematic with the inclusion of the terms "crusade" and "education reform," and the reference to lower taxes. This would likely be deemed partisan upon court review. With regard to the ballot title, "AMENDMENT FOR STATE LOTTERY ONLY" is, in my view, wholly insufficient to summarize the amendment, and is more in the nature of a popular name.
I must therefore reject your proposed ballot title and popular name, and instruct you to "redesign" them, as well as the proposed amendment. See
A.C.A. § 7-9-107(c). Please note the above guidelines as you proceed with redesigning your amendment. The Court has recently confirmed that a proposed constitutional amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, 341 Ark. 813,20 S.W.3d 376 (2000). In this regard, there a few specific ambiguities that should be noted as you redesign your measure. I am uncertain what is meant by the term "profit" under the amendment, and this is undoubtedly something that should be clearly defined for the voters. The identity of the "5 individuals" who would run the lottery is also essential information for the voter. I am also unaware of any legislative committee known as the "Ways Means" committee. This committee would obviously exercise significant oversight powers, and as such should be clearly identified in the amendment.
These few items of note will hopefully illustrate the need to clarify and make certain the substance of your proposed amendment. The ability to fairly and completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title is dependent upon an unambiguous text.
While I am therefore unable at this time to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b), I will be pleased to perform my statutory duties in a timely manner after you have resubmitted your proposed amendment, along with a proposed popular name and ballot title.
Sincerely,
MIKE BEEBE Attorney General